IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON ANDERSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>KEVIN SMITH, et al.,<br><br>    Defendants. | No. 2:24-CV-0483-DMC<br><br><br>ORDER |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 11.

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's first amended complaint. See ECF No. 11. Plaintiff names the following defendants: (1) Kevin Smith, a physician and surgeon at Mule Creek State Prison (MCSP); (2) Michael Ullery, a physician and surgeon at MCSP; (3) Bhupinder Lehil, a physician and surgeon at MCSP; (4) Wesley Vaughn, chief physician and a surgeon at MCSP; Peter Lee, a physician and surgeon at MCSP; (6) Kevin Yang, a registered nurse at MCSP; (7) Klatt, a registered nurse at MCSP; and (8) Gavin Newsom, Governor of California. See id. at 2-3. Plaintiff alleges facts in this amended complaint identical to those in his initial complaint. See ECF No. 1. The initial complaint only brought claims against Smith, Ullery, Lehil, Vaughn, and Wong. See id. The Court found that Plaintiff had presented cognizable Eighth Amendment medical deliberate indifference claims against Ullery, Lehil, Wong, and Klatt, although Klatt was not named as a defendant in the initial complaint. See ECF No. 10.  Plaintiff was granted leave to amend his claims against Defendant Vaughn.  See id.

In addition to the facts alleged in the initial complaint, Plaintiff has incorporated all of the facts and medical documents from a separately filed emergency motion for preliminary injunction. See ECF. No. 2; ECF No. 11, pgs. 14-31. Facts alleged in the emergency motion are consistent with the facts alleged in the rest of the complaint and do not set forth any substantial additional facts. See ECF No. 11, pgs. 14-31 Plaintiff has further amended his original complaint to include facts alleging constitutional rights violations by Defendants Ullery, Yang, Smith, Vaughn, Lee, and Newsom. See id. at 12-13. Finally, Plaintiff has included documents related to

2

denial of medical services. See id. at 32-40. Plaintiff now alleges violations of his rights under the Eighth Amendment for deliberate indifference to medical needs, under the First Amendment for retaliation, and under the Fourteenth Amendment for unequal treatment. See id. at 9-13.

Plaintiff claims that, prior to June 1, 2023, he had had six back surgeries, which were a combination of "Laminectomies [and] Disectomies [sic]" See id. at 9. In June 2023, Plaintiff began experiencing severe lower back pain, numbness in his groin area and left leg, nerve pain in both legs, and incontinence. See id. On June 8, Plaintiff was taken to the emergency room when he suffered severe burns in his groin area that he was unable to feel. See id. Plaintiff was referred to a neurosurgeon for a consultation and prescribed pain medication, which Plaintiff claims he did not receive. See id. Plaintiff later met with Defendant Lehil, his primary care physician, and described his symptoms. See id. Defendant Lehil referred Plaintiff to a neurosurgeon, gave him a cane and a wheelchair, and provided Plaintiff with a 14-day prescription for Prednisone. See id. at 9-10. Plaintiff expressed at that time that he wished to have the surgery as he was a recovering heroin addict and wanted to avoid relying on "hard pain medication." Id. at 10.

On June 30, Plaintiff met with a neurosurgeon, Dr. Thaiyananthan, who recommended Plaintiff undergo a lumbar fusion. See id. at 10. Plaintiff later met again with Defendant Lehil, who submitted a Request for Services (RFS) on July 10. See id. Plaintiff claims that this RFS did not include all information relevant to his condition, including Plaintiff's physical limitations, numbness, or incontinence. See id. The RFS was later denied by someone Plaintiff believes to be Defendant Smith, who had never physically examined Plaintiff. See id.

From July 10 until approximately October 20, Plaintiff claims to have experienced "ongoing torture" and never got more than an hour or two of sleep at a time. See id. During this time, Plaintiff claims to have begged Defendant Klatt for help. See id. Plaintiff claims Defendant Klatt would tell Plaintiff that the surgery would happen soon and that he would send Plaintiff to the hospital when asked. See id. at 10-11. In late October, Plaintiff informed Defendant Klatt that he would like to go to the hospital, but Defendant Klatt instead sent him to an unknown doctor who treated plaintiff as "a drug seeking nuisance." Id. at 11.

In early October, Plaintiff's incontinence became persistent, and Plaintiff submitted a 602 inmate grievance for denying Plaintiff the surgery. See id. On October 20, Plaintiff met again with Defendant Lehil, who informed Plaintiff that the RFS had been denied. See id. Plaintiff informed Defendant Lehil that he had filed a grievance with the prison. See id. Defendant Lehil sent Plaintiff back to meet again with Dr. Thaiyanathan. See id. Plaintiff claims Dr. Thaiyanathan did not understand why the surgery was not performed and said he would order it again. See id.

On October 23, 2023, Plaintiff met with Defendant Wong who Plaintiff claims did not physically examine him. See id. On October 26, Plaintiff met with Defendant Lehil, who informed Plaintiff that he would need to submit another RFS as Defendant Ullery had denied the previous RFS because Defendant Wong had written in Plaintiff's chart that there was nothing wrong with him. See id. at 11-12. Plaintiff believes that Defendant Klatt told Defendant Ullery that nothing was wrong with Plaintiff. See id. at 12. Plaintiff alleges that Defendant Ullery sent Defendant Wong to see Plaintiff and conspired to lie to prevent Plaintiff's surgery to shield them from liability related to the previously filed inmate grievance. See id.

At the meeting on October 26, Defendant Lehil informed Plaintiff that he would submit another RFS. See id. Plaintiff insisted that Defendant Lehil include all of his symptoms, including the incontinence, lack of sleep, and torturous pain. See id. However, Plaintiff claims that Defendant Lehil did not include the correct information. In mid-November, Defendant Lehil informed Plaintiff that the new RFS had been denied. See id. At that point, plaintiff claims to have been suffering from "severe depression, anxiety, pain, and hopelessness." Id. When Plaintiff requested a urologist to address his incontinence, Plaintiff claims Defendant Lehil responded with "we are done here now go!" Id.

In January 2024, Plaintiff met again with Defendant Lehil. See id. Plaintiff claims Defendant Lehil told him "I am shipping you out so another Dr. has to deal with you." Id. Defendant Lehil also submitted another RFS. See id. A few days after that meeting, Plaintiff was informed by Correctional Counselor Mendoza that he was being transferred on Defendant Lehil's orders. See id. When Plaintiff informed Mendoza of what Defendant Lehil had said, Mendoza

agreed to prevent the transfer. See id.

Plaintiff alleges that "Defendants have all shown their willingness to lie and cover up and retaliate all to escape liability for not providing plaintiff with a surgery that if not done will cause irreparable harm" Id. Plaintiff does not offer additional factual allegations to support this claim. Plaintiff believes that Defendants Ullery, Yang, Smith, Vaughn, and Lee comprise the "SMART" committee responsible for denying Defendant Lehil's RFS's. See id. at 12-13. Plaintiff claims that each denial states a different reason for denying the surgery, which reflects an intention to torture Plaintiff. See id. at 13. Plaintiff additionally alleges that Defendant Vaughn told Plaintiff to take advantage of the therapies offered to him. See id. When asked what therapies he was referring to, Defendant Vaughn responded, "we are done here." Id.

Finally, Plaintiff claims that Defendant Newsom allows transgender inmates to receive elective surgeries for gender-affirming care despite the unnecessary risks involved. See id. Plaintiff claims that this is in contrast to decisions made regarding his health and the recommendations of Dr. Thaiyanathan. See id.

## II. DISCUSSION

As with the original complaint, the Court finds that Plaintiff has stated cognizable claims under the Eighth Amendment against the following defendants for deliberate indifference to Plaintiff's medical needs: Defendant Lehil for incorrectly documenting Plaintiff's symptoms, Defendant Klatt for ignoring Plaintiff's requests for medical assistance, Defendant Wong for entering a chart note stating nothing was wrong with Plaintiff despite not examining him, and Defendant Smith for denying Plaintiff's surgery despite not examining Plaintiff.  Plaintiff has also stated cognizable claims under the Eighth Amendment for deliberate indifference to Plaintiff's medical needs against Defendants Klatt, Ullery, and Wong for conspiring to send Defendant Wong to see Plaintiff and noting that there was nothing wrong with Plaintiff despite not examining him. Plaintiff has also stated cognizable claims under the Eighth Amendment against Defendants Lehil and Vaughn under the Eighth Amendment for denying Plaintiff access to a medical specialist to address his incontinence. Plaintiff has failed to present cognizable claims

against Defendants Yang, Lee, and Newsom as Plaintiff has failed to establish a causal connection between these defendants and the alleged violations of constitutional rights.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff does not allege any facts that show a causal connection between actions taken by Defendant Newsom, who is named for the first time in the first amended complaint, and the alleged constitutional violations. Similarly, while Plaintiff does express his belief that Defendants Yang and Lee are members of the "SMART" committee that denied his RFS, Plaintiff does not allege any facts to support this claim and the belief appears to be only speculative. In any event, Plaintiff has not explained the specific actions of Defendants Yang and Lee. Plaintiff will be provided one further opportunity to amend to allege facts showing how these defendants were involved in the alleged constitutional violations.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the

prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated:  June 5, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE